IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Vs                              Case No. 08-00080-04-CR-W-HFS

KENNETH THOMPSON,

        Defendant.

### SENTENCING MEMORANDUM

Comes now defendant above named, by and through his attorney, Carl E. Cornwell, and hereby submits this Sentencing Memorandum.

In support of the sentence to be imposed:

1. The defendant stands convicted after plea to Conspiracy to Distribute 50 Grams or More of Methamphetamine. Because of his prior conviction, the defendant's sentence is not less than 20 years nor more than life.

2. The defendant has been in custody since May 7, 2008.

3. The defendant was on supervised release in the United States District Court for the District of Kansas, and has been doing relatively well until he got back into the use of methamphetamine and selling to support his habit. Those actions resulted in this conviction.

4. That the defendant's sentencing guideline range without the imposition of the mandatory minimum is 135 to 168 months.

5. Assistant United States Attorney Charles Ambrose will indicate to the Court his position on sentencing and reasons therefore.

6. That it is defendant's position that a sentence of 68 months would be appropriate.

7. That 18 United States Code §3553 sets out the directives to the Court for imposing a sentence. When looking at those factors, the defendant wants the Court to know that he understands the seriousness of what he has done and that he needs to have a just punishment. 18 United States Code §3553(2)(A). He also understands that other people who are contemplating doing what he has done need to know that there is significant sentences awaiting them much like what the defendant is looking at. 18 United States Code §3553(2)(B). He also knows that the selling and using of methamphetamine was detrimental to the welfare of the public. To that end, since he has been unable to control his addiction, he needs to be away from the public serving a sentence. He submits to the Court that 68 months is appropriate. 18 United States Code §3553(2)(C).

8. Defendant also understands that he needs additional help with his drug addiction, and is asking the Court to recommend the intensive drug treatment program that has been offered within the Bureau of Prisons. Whether or not he gets time taken off for that is immaterial to the defendant, and he states to the Court that he is very desirous of having the Court recommend this. He is steadfast in his resolve never to be involved in this kind of activity again. He is now 51 years old, and knows that it is time for him to divorce himself from people who are in the drug trade and drug use business. At 51 years of age, he can afford no further criminal

transgressions or use of methamphetamine.  He knows he needs the

treatment.  18 United States Code §3553(2)(D).

        Respectfully submitted,


        CORNWELL & SCHERFF
        /S/ CARL E. CORNWELL
        201 East Loula, Suite 101
        Olathe, Kansas 66061
        Telephone:     (913) 254-7600
        Telefacsimile: (913) 254-7602
        e-mail:  cornwell-law@sbcglobal.net
        Attorneys for Defendant

### **CERTIFICATE OF SERVICE**

In accordance with Rule 49(a)(b), and (d), Fed.R.Crim.P., and Rule 5(b), Fed.R.Civ.P., it is hereby CERTIFIED that this document was electronically filed on this 10th day of February  2010, and that the foregoing was sent via e-mail by the Electronic Filing System to  Charles Ambrose, Assistant United States Attorney, United States Courthouse, 400 East 9th Street, Kansas City, Missouri 64106.


        /S/ Carl E. Cornwell
        Attorney for Defendant